WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catamount Properties 2018 LLC, | No. CV-21-01539-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Pamela Lynn Cummings, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 1446(a), to remove an action from state court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." The Notice of Removal filed by *pro se* Defendant does not indicate the grounds for removal.

Furthermore, the Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to

state court."). The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34.

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." *Id.* "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

"A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). The defenses that a defendant might raise are irrelevant. *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). And "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question under 28 U.S.C. § 1331." *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975), *aff'd sub nom. Jones v. Rath Packing Co.*, 430 U.S. 519 (1977).

Here, no federal question is presented on the face of Plaintiff's complaint, which is based on Arizona law. (Doc. 1-1 at 1.) Plaintiff asserts that "[t]here have been, and continue to be, violations against the civil and constitutional protections of this/these undersigned Defendant(s) in this cause, and which have not been duly protected – nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (Doc. 1 at 1.) To the extent that Plaintiff attempts to present a federal question via a defense or counterclaim, this does not imbue this Court with subject-matter jurisdiction.

The notice of removal does not mention diversity jurisdiction. The federal district

court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are diverse. 28 U.S.C. § 1332(a). The amount in controversy is the "amount at stake in the underlying litigation," which comprises "any result of the litigation, excluding interests and costs, that entails a payment by the defendant," including "*inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. *Gonzales*, 840 F.3d at 648-49 (internal quotation marks and citations omitted).

"In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). If "damages are unstated in a complaint, or[] in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum amount] when federal jurisdiction is challenged." *Id.* "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

The amount in controversy established by the complaint is $1,138. (Doc. 1-1 at 3.) Defendant has not asserted (let alone shown by a preponderance of the evidence) that the amount in controversy exceeds this sum (let alone exceeds the $75,000 threshold for diversity jurisdiction.

The Court lacks subject-matter jurisdiction, and therefore this case must be remanded. 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Kelton Arms*

*Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); *Amaya v. Van Beek*, 513 F. App'x 652, 653 (9th Cir. 2013) ("Remand of [the] action to state court was required because [the] original complaint provided no basis for federal subject matter jurisdiction, making removal improper.").

Accordingly,

**IT IS ORDERED** that this case is remanded to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to consolidate cases (Doc. 4) is denied as moot.

Dated this 13th day of September, 2021.

Dominic W. Lanza
United States District Judge